IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF UBS COMMERCIAL MORTGAGE TRUST 2018-C11, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-C11,<br><br>Plaintiff,<br><br>v.<br><br>SHULEM GREEN and STEVE DEUTSCH,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 1:22-cv-4351 |

## COMPLAINT

Plaintiff, Wells Fargo Bank, National Association, as Trustee for the benefit of the registered holders of UBS Commercial Mortgage Trust 2018-C11, Commercial Mortgage Pass-Through Certificates, Series 2018-C11 ("Lender"), acting by and through its special servicer, Argentic Services Company LP ("Argentic"), for its complaint against defendants, Shulem Green and Steve Deutsch (together, "Guarantor"), avers as follows:

I.      **PARTIES, JURISDICTION AND VENUE**

1.      Wells Fargo Bank, National Association, is a national banking association with its main office, as designated in its Articles of Association, located in Sioux Falls, South Dakota.  Non-party Argentic is the special servicer for Lender with respect to the Loan (as defined below).

2.      Defendant Shulem Green is an individual domiciled in the State of New York with an address of 1218 59th Street, Brooklyn, New York 11219.

3. Defendant Steve Deutsch is an individual domiciled in the State of New York with an address of 1136 58th Street, Brooklyn, New York 11219.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter is controversy exceeds $75,000 and the action is between citizens of different states.

5. Venue exists in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the subject claim occurred in this district and the parties have contractually consented and waived any objection to venue in this district.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. The Loan

6. On or about June 11, 2018, Argentic Real Estate Finance LLC ("Original Lender") issued to 600 Scranton LLC, a Pennsylvania limited liability company ("Borrower"), a commercial mortgage loan in the principal amount of $6,500,000 (the "Loan").

7. The Loan is evidenced by a Promissory Note (the "Note") and a Loan Agreement and is further evidenced and secured by an Open-End Mortgage, Assignment of Leases and Rents and Security Agreement effective as of June 11, 2018 (the "Mortgage").  Copies of the Note, the Loan Agreement and the Mortgage (together with related documents, the "Loan Documents") are attached hereto as **Exhibits A, B and C**, respectively.

8. Lender is the successor in interest to Original Lender on the Loan and the current holder of the Loan Documents, including the Note, the Loan Agreement, the Mortgage, the Guaranty (as defined below) and the Reinstatement Agreement (as defined below).

9. Pursuant to the Loan Agreement, "Borrower guarantees," *inter alia*, "the prompt payment of the Payment Guaranty Amount upon the occurrence of an Event of Default and written demand by Lender therefor (the '**Payment Guaranty Obligation**')."  (Loan Agreement § 10.1.)

10. The Loan Agreement defines the Payment Guaranty Amount to "mean an amount equal to $3,750,000.00." (Loan Agreement at 11.)

B. **The Guaranty**

11. On or about June 11, 2018, to induce Original Lender to make the Loan, Guarantor executed in favor of Original Lender a Guaranty of Recourse Obligations (the "<u>Guaranty</u>"), a copy of which is attached hereto as ***Exhibit D***.

12. Pursuant to the Guaranty, "[e]ach Guarantor hereby irrevocably, absolutely and unconditionally guarantees to Lender the prompt and complete payment when due of the Guaranteed Obligations," which are defined specifically to include "the Payment Guaranty Amount." (Guaranty §§ 1(b)(iii) and 2(a).)

13. The Guaranty also provides that:

> Lender may enforce the obligations of any Guarantor under this Guaranty by a proceeding at law, in equity or otherwise, independent of any loan foreclosure or similar proceeding or any deficiency action against Borrower or any other Person at any time, either before or after an action against the Property or any party thereof, Borrower or any other person. **This Guaranty is a guaranty of payment and performance and not merely a guaranty of collection**.

(Guaranty § 5(a).)

14. The Guaranty further provides that:

> Each Guarantor hereby agrees to pay all costs, charges and expenses, including reasonable attorneys' fees and disbursements, that may be incurred by Lender in enforcing the covenants, agreements, obligations and liabilities of Guarantor under this Guaranty.

(Guaranty § 16(b).)

C. **The Initial Guarantor Action and Reinstatement Agreement**

15. On June 16, 2020, Lender filed in this Court the action captioned *Wells Fargo Bank, National Association, as Trustee for the Benefit of the Registered Holders of UBS Commercial Mortgage Trust 2018-C11, Commercial Mortgage Pass-Through Certificates, Series*

3

*2018-C11 v. Green, et al.*, Case No. 1:20-cv-04605 (the "Initial Guarantor Action"), which was transferred with the consent of the parties to the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 3:20-cv-01361-RDM.

16. The parties subsequently negotiated a global resolution of the Initial Guarantor Action, a related foreclosure action, and other disputes then existing between and among them.

17. This resolution was memorialized in an Agreement to Reinstate Loan effective October 1, 2020 (the "Reinstatement Agreement"), a copy of which is attached hereto as ***Exhibit E***.

18. Section 1(b) of the Reinstatement Agreement requires in relevant part that:

> Beginning with the Monthly Payment Date for November 2020, Borrower shall make a payment to Lender on each Monthly Payment Date in the amount of $56,810.07, comprising $42,878.51 for principal & interest, $8,828.04 for tax impound and $5,103.52 for insurance impound, subject to the Master Servicer's recalculation of the impounds based on increases in the actual amount of property insurance and/or property taxes.

(Reinstatement Agreement § 1(b).)

### C. Borrower's Default

19. Beginning with the Monthly Payment Date for June 2021, Borrower failed to make to Lender the monthly payment for principal, interest and tax and insurance impounds required by Section 1(b) of the Reinstatement Agreement.

20. Borrower's failure to make the required monthly payments constitutes an Event of Default under Loan Documents, which triggers the contractual Payment Guaranty Obligation. (*See* Loan Agreement §§ 8.1(a) and 10.1.)

    **D.**    **Guarantor's Breach of the Guaranty**

21. By letter dated May 18, 2022 (the "Demand Letter"), Lender's counsel made written demand upon Guarantor to perform its obligations under the Guaranty and pay the Payment Guaranty Amount (as defined in the Loan Documents) in full to Lender within seven days. A copy of the Demand Letter is attached hereto as ***Exhibit F***.

22. To date, despite the Demand Letter, Guarantor has failed and/or refused to perform its obligations under the Guaranty and has not paid to Lender any portion of the Payment Guaranty Amount.

23. Lender has sustained damages in the amount of the Payment Guaranty Amount, together with its recoverable attorneys' fees and costs, as a direct and/or indirect consequence of Guarantor's failure to perform its obligations.

## COUNT ONE – BREACH OF CONTRACT

24. Paragraphs 1 through 23 of this Complaint are incorporated herein by reference.

25. Guarantor and Lender are parties to the Guaranty, a valid and enforceable contract.

26. Pursuant to the Guaranty, Guarantor is required to pay to Lender the Guaranteed Obligations, which are defined specifically to include the Payment Guaranty Amount.

27. The Event of Default that occurred and has persisted since June 2021 triggered Borrower's contractual Payment Guaranty Obligation, which, in turn, triggered Guarantor's liability for the Payment Guaranty Amount.

28. Guarantor has breached its obligations under the Guaranty by failing and/or refusing, despite Lender's written demand, to pay to Lender any portion of the Payment Guaranty Amount or the attorneys' fees and costs incurred by Lender in attempting to enforce the Guaranty.

29. Lender has suffered damages as a result of Guarantor's breach, including but not limited to the Payment Guaranty Amount and Lender's attorneys' fees and costs, in an amount exceeding $3,750,000.

WHEREFORE, Lender respectfully requests that the Court enter judgment in its favor and against Guarantor on the Complaint and award to Lender its damages, including but not limited to the full Payment Guaranty Amount, Lender's attorneys' fees and costs as contractually provided, and such other and further relief as the Court in its discretion may deem equitable and just.

Dated: May 26, 2022

*/s/ Raymond A. Quaglia*
Raymond A. Quaglia, PA ID No. 63146
Justin Kerner, PA ID No. 308954
BALLARD SPAHR LLP
1675 Broadway, Floor 19
New York, NY  10019
(646) 346-8048
quaglia@ballardspahr.com
kernerj@ballardspahr.com

Counsel for Plaintiff

DMFIRM #402785322 v1