```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
WELLS FARGO BANK, NATIONAL ASSOCIATION,                            :
AS TRUSTEE FOR THE BENEFIT OF THE                                  :
REGISTERED HOLDERS OF UBS COMMERCIAL                               :
MORTGAGE TRUST 2018-C11, COMMERCIAL                                :         22-cv-4351 (LJL)
MORTGAGE PASS-THROUGH CERTIFICATES,                                :
SERIES 2018-C11,                                                   :       MEMORANDUM AND
                                                                   :            ORDER
                       Plaintiff,                                  :
                                                                   :
       -v-                                                         :
                                                                   :
SHULEM GREEN and STEVE DEUTSCH,,                                   :
                                                                   :
                       Defendants.                                 :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/07/2023

LEWIS J. LIMAN, United States District Judge:

The complaint in this case was filed on May 26, 2022. Dkt. No. 1. On August 24, 2022, the Court held an initial pretrial conference in this matter. *See* Dkt. No. 13. At the conference, the parties informed the Court that they had reached a settlement in principle and requested that the action be stayed to give the parties an opportunity to finalize the settlement. Dkt. No. 14. The Court stayed the case until December 30, 2022, and directed the parties to submit a status report by January 5, 2023. *Id.* On January 5, 2023, the parties submitted a status report, indicating that Plaintiff Wells Fargo Bank, National Association, as Trustee ("Plaintiff") closed on the sale of the loan at issue in this case to a third-party purchaser, BTC Capital LLC ("Purchaser") and requested an additional thirty-day stay of this action, Dkt. No. 15, which the Court granted the following day, Dkt. No. 16. The Court held a status conference in this matter on February 3, 2023, Dkt. No. 18, during which the parties represented to the Court that Plaintiff no longer has an interest in this matter, Dkt. No. 19. The Court directed the parties to show

cause on or before March 3, 2023, why this case should not be dismissed for failure to prosecute if—by that date—Purchaser had not appeared in this case and no motion for substitution had been filed. *Id.* As of March 7, 2023, Purchaser has not appeared or otherwise moved to substitute the plaintiff in this case.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]"). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff no longer has an interest in this matter and Purchaser, the interested party, has not prosecuted its case at all since at least January 2023. *See* Dkt. No. 15 (indicating on January 5, 2023 that

Plaintiff closed on the sale of the loan on an earlier date). "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient. *Id.* (collecting cases). Purchaser was given notice in the Court's order at Dkt. No. 19 that failure to appear in this case would result in dismissal. Although there is no specific evidence on the record that delay will prejudice Defendants—indeed, there is no record beyond the Complaint, the parties' letters, and the Court's orders—"[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Purchaser] an opportunity to proceed with this action so that it would be decided on the merits," and Purchaser's "failure to prosecute . . . demonstrate[s] that any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010).

      For the foregoing reasons, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: March 7, 2023
      New York, New York

                                                     LEWIS J. LIMAN
                                                 United States District Judge